# EVANS, COMMISSIONER OF PENSIONS,

*v.*

# UNITED STATES, ex rel. PHILLIPS.

---

### MANDAMUS; PARTIES; PENSION FEES.

Where a pension attorney sought by *mandamus* proceedings against the Commissioner of Pensions and Secretary of the Interior, to compel the repayment of an attorney's fee in a pension case paid by the relator under protest to the Commissioner, who claimed it had been exacted illegally from the pensioner, the Commissioner having declined to make the repayment and on appeal having been sustained by the Secretary, it was *held*, reversing a judgment of the lower court dismissing the petition for the writ as to the Secretary, to which the relator took no exception, and directing it to issue as prayed against the Commissioner, (1) that it was error to grant the writ as against the Commissioner after dismissal of the petition as to the Secretary; *following* Evans, Commissioner, etc. v. U. S. ex rel. Phillips, *ante*, p. 202; and (2) that if the relator's contention was well founded as to his right to receive the fee from the pensioner and to recover it from the Commissioner, as having been paid under protest, he would have a remedy at law against the Commissioner, and was, therefore, not entitled to the writ of *mandamus; following* Lochren v. Long, 6 App. D. C. 486.

No. 1102.   Submitted December 3, 1901.   Decided January 7, 1902.

HEARING on an appeal by the Commissioner of Pensions from a judgment of the Supreme Court of the District of Columbia, directing the writ of *mandamus* to issue against him.                                          *Reversed.*

The COURT in its opinion stated the case as follows:

This is an appeal by the Commissioner of Pensions, H. Clay Evans, from a judgment directing the issue of a writ

of *mandamus* to compel him to return to the relator, Henry
D. Phillips, the sum of three dollars, paid by the relator in
obedience to an order of the Commissioner, but under pro-
test.

The Secretary of the Interior was also made a party de-
fendant.

It appears from the allegations of the petition, that re-
lator, a regular practicing attorney before the Pension Bu-
reau, had obtained for one Louisa Aab a certificate entitling
her to an accrued widow's pension.

For his services in procuring the same, he received from
the said pensioner a fee of three dollars.

The Commissioner, being of the opinion that the charge
was illegal, made a demand upon relator for the payment of
the money into the Pension Office in order that it might be
returned to the pensioner. Relator surrendered the money
to the Commissioner, under protest, and immediately ap-
pealed to the Secretary of the Interior for relief, who, being
of the same opinion with the Commissioner, denied the same.
The contention of the relator, that was denied by both offi-
cers and is the foundation of his claim for the relief prayed,
is, that " an accrued pension is not a pension case in which
the fees of the attorney prosecuting the same are ascertained,
fixed and payable under any act of the Congress of the United
States, but that in all such cases the matter of the fee of the
attorney prosecuting such case is one of agreement and adjust-
ment between the parties — attorney and client — and is,
therefore, not a matter over which the Commissioner of Pen-
sions has any authority or control." The money so refunded
was paid over to the pensioner by the Commissioner. Said
pensioner holds a certificate for a continuing widow's pension
under the act of 1890, and, therefore, has money coming
to her, though not from the claim in which relator's services
aforesaid had been rendered.

The case having been heard on the facts aforesaid, a judg-
ment was rendered discharging the Secretary of the Interior,
but requiring the Commissioner of Pensions, against whom
costs were also awarded, to cause to be paid to the relator,

" in the manner provided by law, and out of the first moneys accruing to Louisa Aab upon her pension allowed under section two of the act of Congress approved June 27, 1890, the sum of three dollars," etc.

No exception was taken by the relator to the dismissal of the petition as against the Secretary of the Interior.

*Mr. Willis Van Devanter,* Assistant Attorney-General of the United States, and *Mr. A. C. Campbell,* for the appellant.

The relator, *Mr. Phillips,* appeared in his own behalf, and with him was *Mr. E. R. Walker.*

Mr. Justice SHEPARD delivered the opinion of the Court:

For the reasons given in the opinion filed this day in the case No. 1,101, of *Evans, Commissioner, etc.* v. *The U. S. ex rel. Henry D. Phillips, ante,* p. 202, it was error to enter judgment against the appellant after the dismissal of the action as against the Secretary of the Interior.

This conclusion, as in that case, renders it unnecessary to consider whether the Commissioner erred in his determination of the relator's right to the fee claimed, or whether the determination of that question involved the exercise of discretion.

It may be added, however, that if the relator's contention be well founded as to his right to demand and receive the fee from the pensioner for his services in the matter of her accrued pension, as well as to recover the same from the Commissioner because illegally exacted under compulsion and paid under protest — in respect of which we express no opinion — he would have a plain remedy by action at law against the Commissioner.

For this reason alone, the petition for *mandamus* ought to have been dismissed. There is nothing better settled than that the writ of *mandamus* will not be granted in any case

where the party applying has another remedy. *Lochren* v. *Long,* 6 App. D. C. 486, 506.

The judgment will be reversed with costs and the cause remanded with direction to dismiss the petition as to the appellant. It is so ordered.                *Reversed.*